UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|            v. | ) Case No. 2:14-cv-00507-JDL |
| | ) |
| DEBRA L. NELSON, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SANCTIONS**

This case is a diversity action between plaintiff Nationstar Mortgage LLC and defendants Debra Nelson and Susan Schuyler, in their capacities as personal representatives of the Estate of Eric Nelson (collectively, the "Estate"). *See* ECF No. 1 at 1. Nationstar has sued the Estate for breach of promissory note and other claims arising out of the alleged nonpayment of a mortgage. *See id*. at 6-15. The Estate has moved for judgment on the pleadings, alleging that *res judicata* bars Nationstar's complaint. ECF No. 13 at 1, 4. Specifically, the Estate contends that it has previously prevailed against Nationstar in a state court case concerning the same mortgage at issue here. *Id*. at 4. The Estate has also moved for sanctions against Nationstar for bringing the instant case. ECF No. 16 at 1. For the reasons explained below, the Estate's motions are denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case surrounds a mortgage on a residence in Biddeford. *See* ECF No. 1 at 3. According to Nationstar, Eric Nelson executed the mortgage and accompanying

promissory note for $225,000 with First Magnus Financial Corporation in 2007. *Id.* This mortgage was subsequently assigned to Aurora Loan Services LLC, and ultimately to Nationstar. *Id.* at 4-5. Nelson passed away in 2008. *Id.* at 4. Nationstar alleges that his Estate has failed to make mortgage payments since December 1, 2008. *Id.*

In November 2009, Aurora Loan Services filed a complaint of foreclosure in the Biddeford District Court. ECF No. 5-1 at 3. Following assignment of the mortgage to Nationstar, Nationstar was substituted for Aurora as the plaintiff. ECF No. 5-2 at 1; ECF No. 5-4. Nationstar filed an amended complaint, pleading one count of foreclosure and a second count of reformation of mortgage. ECF No. 5-3 at 1, 4.

In November 2013, the case came to trial in the Biddeford District Court. ECF No. 5-5 at 1. After Nationstar rested its case, the Estate moved for a directed judgment, which the court granted. *Id.* In September 2014, the Law Court affirmed this judgment in a memorandum of decision. ECF No. 5-6. The memorandum of decision, which is central to the issue presented here, states, in relevant part:

> [T]he trial court did not err in excluding some of Nationstar's witness testimony and documents for failure to demonstrate compliance with the business records exception to the hearsay rule pursuant to M.R. Evid. 803(6). Further, Nationstar did not demonstrate that it had standing to seek foreclosure of the mortgage.

*Id.* (citations omitted).

Nationstar filed suit in this court in November 2014. *See* ECF No. 1 at 17. The complaint contains six counts – quiet title, breach of note, breach of contract,

quantum meruit, unjust enrichment, and reformation of mortgage. *Id*. at 6-15. Nationstar also seeks a writ of assistance pursuant to the All Writs Act. *Id*. at 13.

## II. ANALYSIS

### A. Motion for Judgment on the Pleadings

The Estate must meet a heavy burden to demonstrate an entitlement to judgment at this early stage of litigation. "[B]ecause rendition of judgment in such an abrupt fashion represents an extremely early assessment of the merits of the case, the trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in [its] favor." *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988) (citations omitted). Moreover, a court may not grant a Rule 12(c) motion for judgment on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Id*. (citing *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir. 1977)). "Public policy, affording each litigant a full and fair hearing on the merits, warrants against imprudent use of this motion." *Nelson v. University of Maine System*, 914 F. Supp. 643, 647 (D. Me. 1996).

As for the Estate's *res judicata* argument, Maine law applies. *See Cruz v. Melecio*, 204 F.3d 14, 18 (1st Cir. 2000). The Biddeford District Court judgment bars Nationstar's pursuit of the instant case if the Estate can show that: (1) the same parties were involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in this action were, or might

3

have been, litigated in the first action. *Wilmington Trust Co. v. Sullivan-Thorne*, 2013 ME 94, ¶ 7, 81 A.3d 371.

Looking only at the pleadings and the documents which they incorporate,[1] it is not clear beyond doubt that the Biddeford District Court judgment represents a valid final judgment on the merits. The judgment notes only that the Estate's "Motion for Directed Judgment" was granted,[2] without discussing the grounds for so doing. *See* ECF No. 5-5 at 1. In addition, the Law Court's memorandum of decision affirming the judgment noted that Nationstar had failed to demonstrate standing to foreclose on the mortgage. ECF No. 5-6. While the Estate claims that this standing argument is mere *dicta*, *see* ECF No. 15 at 3, I cannot resolve this question because I have not been supplied with the parties' appellate briefs, the appendix, or other records that would help to explain why the Law Court addressed standing in its memorandum of decision. If Nationstar did, in fact, lack standing to bring a foreclosure complaint, then a judgment on that claim would not have preclusive effect. *See In re M.M.*, 2014 ME 15, ¶ 7, 86 A.3d 622 (citing *Cloutier v. Turner*, 2012 ME 4, ¶ 8, 34 A.3d 1146) (noting that "standing relates to the court's subject matter jurisdiction."); *Dutil v. Burns*, 1997 ME 1, ¶ 5, 687 A.2d 639 (holding that dismissals for lack of subject matter jurisdiction "do[ ] not serve as an adjudication of the merits."); *see also*

---

[1] At oral argument, the parties offered some explanation of the circumstances behind the state court judgment and the proceedings on appeal. However, I am unable to consider this information in resolving the Estate's Rule 12(c) motion. *See Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35, 38 (1st Cir. 2004) (noting that consideration of evidence outside of the pleadings requires conversion of a Rule 12(c) motion into a motion for summary judgment).

[2] I understand this as referring to a motion for judgment as a matter of law pursuant to Maine Rule of Civil Procedure 50.

4

*JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 7, 10 A.3d 718 (noting that standing defects "may be raised at any time, including during an appeal.").

The Estate has argued that the prior litigation of Nationstar's reformation of mortgage claim bars this action even if Nationstar lacked standing to bring its foreclosure claim. However, the District Court judgment is silent as to the ultimate disposition of that claim. *See* ECF No. 5-5 at 1 (entering "[j]udgment for the Defendants on the Plaintiff's Complaint for *foreclosure*.") (emphasis added). Without more information than the pleadings and their attachments currently provide, it is not possible to say that the *res judicata* question is resolvable "beyond doubt." Accordingly, the Estate's motion for judgment on the pleadings is denied. The Estate may, of course, reassert its *res judicata* argument when a more fully developed record is before this court pursuant to Federal Rule of Civil Procedure 56. *See Figueroa v. United States Drug Enforcement Admin.*, 66 F.3d 306, 1 (1st Cir. 1993) (unpublished opinion) (judgment on the pleadings was inappropriate when lack of detail about prior proceedings made their *res judicata* implications difficult to determine).

B.   **Motion for Sanctions**

The Estate has also moved for sanctions against Nationstar pursuant to Federal Rule of Civil Procedure 11. ECF No. 16 at 1. Sanctions may be in order if a party violates its duty to represent "to the best of the person's knowledge, information, and belief" that a claim is warranted under existing law, or by a "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" *See* Fed. R. Civ. P. 11. A party must exhibit at least

5

"culpable carelessness" in violating this requirement to merit sanctions. *CQ Intern. Co., Inc. v. Rochem Intern., Inc., USA*, 659 F.3d 53, 60 (1st Cir. 2011) (quoting *Citibank Global Mkts., Inc. v. Santana*, 573 F.3d 17, 32 (1st Cir. 2009)). Because there is a colorable argument that the state court judgment in question did not represent a final judgment on the merits, this level of culpability is not present here. The Estate's motion for sanctions is therefore denied.

It is **ORDERED** that defendants' motion for judgment on the pleadings (ECF No. 13) is hereby **DENIED**. Defendants' motion for sanctions (ECF No. 16) is also **DENIED**.

**SO ORDERED.**

Dated: June 24, 2015                           /s/ Jon D. Levy
                                               U.S. District Judge